**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| John Doe,<br><br>    Plaintiff<br>v.<br>Nevada Republican Party, et al.,<br><br>    Defendants | Case No.: 2:24-cv-00412-JAD-EJY<br><br>**Order Denying Motion to Seal Case**<br><br>[ECF No. 2] |

A pro se plaintiff, who identifies himself as John Doe, brings this action against the Nevada Republican Party and its officers for not permitting write-in ballots at its 2024 Nevada presidential caucus and delivering all of the delegates to one candidate.[1] He seeks, among other things, "meaningful rights for party members, including requiring free and undeterred voting and having the resulting votes proportioned equally when allocating delegates for the Republican National Caucus."[2] And he moves to seal this case and proceed anonymously, contending that "mainstream media has reported credible threats to Republicans in high levels of power and distinction whose actions do not fall in line with the current tide of the Republican party" and he has concerns about threats to the "safety of person and property that are likely to result from filing this action."[3] I deny Doe's motion, but I give him 14 days to decide if he wants to proceed with this action under his true name.

---

[1] ECF No. 1.
[2] *Id.* at 2.
[3] ECF No. 2.

**Discussion**

**A.     Doe cannot litigate this action anonymously.**

A plaintiff's "use of fictitious names runs afoul of the public's common law right of access to judicial proceedings and [Federal Rule of Civil Procedure] 10(a)'s command that the title of every complaint 'include the names of all the parties.'"[4] The Ninth Circuit has created an exception to this general rule: "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity."[5] Those special circumstances can include cases in which anonymity is "necessary to protect a person from harassment, injury, ridicule, or personal embarrassment."[6] "When a party requests 'Doe' status, the factors to be balanced against the general presumption that parties' identities are public information are (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation."[7]

Doe contends that he is generally concerned about his safety and the safety of his family and friends because news outlets have reported on "credible threats" to well-known Republicans who "do not fall in line with the current tide of the Republican party."[8] He believes that, if his name is released in conjunction with this lawsuit, the same ire will be turned toward him and his acquaintances. But Doe doesn't provide any specific information that indicates that he will be

---

[4] *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (quoting Fed. R. Civ. P. 10(a)).

[5] *Id.* at 1068.

[6] *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981).

[7] *Doe v. Ayers*, 789 F.3d 944, 945 (9th Cir. 2015) (cleaned up).

[8] ECF No. 2.

threatened or harassed because of his decision to prosecute this case. And while it may be true that political polarization presently permeates this country, Doe hasn't identified any reasonable fear of being targeted for his disagreement with the way in which the Nevada Republican Party handled this year's primary election. So I find that Doe has not shown that he has a reasonable fear of severe harm if he proceeds with this case using his real name.

Doe also asserts that "the need to know [his] identity . . . is outweighed by the greater need to address this matter and by the great number of potential plaintiffs, making the identity of just one of those potential plaintiffs relatively inconsequential."[9] But to the extent that Doe means to imply that he intends to pursue this case as a class action, he may not do so as a pro se litigant.[10] If he continues to represent himself, he will remain the only plaintiff in this case. So the dilution of names associated with this lawsuit cannot be a reason to grant Doe anonymity. I deny his request.

**B.      Doe's motion to seal this case is denied.**

While Doe's motion exclusively asks that he be permitted to remain anonymous, it is titled as a "motion to seal case," so I assume that Doe seeks that relief as well. Very rarely do courts seal cases in their entirety.[11] "The public has a 'general right to inspect and copy public

---

[9] *Id.*

[10] *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 665–65 (9th Cir. 2008) (noting that "courts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity" and collecting cases).

[11] *See, e.g.*, *Chicago Tribune Co. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (finding that, in the "unusual circumstance" of sealing an entire record, the moving party must show that "the denial [of access to the record] is necessitated by a compelling government interest, and is narrowly tailored to that interest"); *see also Conference Approves Standards & Procedures for Sealing Civil Cases*, United States Courts (September 13, 2011) (press release noting that the Judicial Conference of the United States "adopted a [nonbinding] national policy that encourages federal courts to limit those instances in which they seal entire civil case files"), https://www.uscourts.gov/news/2011/09/13/conference-approves-standards-procedures-sealing-civil-cases-0; *Judicial Conference Policy on Sealed Cases*, United States Courts,

3

records and documents including judicial records and documents.'"[12]  "Although the common law right of access is not absolute, '[courts] start with a strong presumption in favor of access to court records.'"[13]  "A party seeking to seal judicial records can overcome the strong presumption of access by providing 'sufficiently compelling reasons' that override the public policies favoring disclosure."[14]  "When ruling on a motion to seal court records, the district court must balance the competing interests of the public and the party seeking to seal judicial records."[15]

      I deny Doe's request to seal this case for largely the same reasons that I deny his anonymity request.  Doe has not shown a significant threat of harm if this case is unsealed, and he himself acknowledges that "these issues are important for the current political debate in this country."[16]  Challenges to election activity are certainly issues of public interest that outweigh Doe's vague fears of harm for bringing this suit.  That said, if Doe proceeds with this lawsuit and believes that certain, specific filings contain information that should be sealed, he may file a

---

https://www.uscourts.gov/sites/default/files/judicialconferencepolicyonsealedcivilcases2011.pdf (advising that an "entire civil case file should only be sealed when" doing so "is required by statute or rule or justified by a showing of extraordinary circumstances and the absence of narrower feasible and effective alternatives (such as sealing discrete documents or redacting information), so that sealing an entire case file is a last resort").  The Judicial Conference's policy statements are not binding on the court, so I do not engage in an extraordinary-circumstances analysis.  But if I were to do so, I would find that Doe does not meet that standard for the same reasons he cannot show compelling reasons to seal this case under Ninth Circuit precedent.

[12] *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (quoting *Nixon v. Warner Commcns., Inc.*, 435 U.S. 589, 597 (1978)).

[13] *Id.* (quoting *Foltz v. St. Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

[14] *Id.* (quoting *Foltz*, 331 F.3d at 1135).

[15] *Id.* (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).

[16] ECF No. 2.

motion for leave to seal those specific documents in compliance with this district's local rule IA 10-5[17] and the Ninth Circuit's decision in *Kamakana v. City & County of Honolulu*.[18]

While I deny Doe the relief he seeks, I acknowledge that he fears retaliation or harassment for bringing this lawsuit.  So I unseal this case today, but I direct the Clerk of Court to temporarily maintain the seal on his motion to seal on documents containing Doe's real name.  If Doe would rather not proceed publicly with this lawsuit, he may file a notice of voluntary dismissal by Wednesday, May 1, 2024.  If he wishes to proceed, this case will be unsealed in its entirety after that date and his real name will replace "John Doe" as the plaintiff in the case caption.  Doe is also advised that, if he chooses to proceed with this case, he must serve each defendant with a summons and his complaint in compliance with Federal Rule of Civil Procedure 4.

## Conclusion

IT IS THEREFORE ORDERED that John Doe's motion to seal this case **[ECF No. 2] is DENIED**.  **The Clerk of Court is directed to UNSEAL THIS CASE but MAINTAIN THE SEAL ON ECF Nos. 1-1, 1-2, 1-3, 2, 3, and 7**.

**Doe has until Wednesday, May 1, 2024, to file a notice of voluntary dismissal if he does not wish to publicly proceed with this case**.  If he does not file a dismissal notice by that date, the court will assume that he wishes to publicly proceed and will order that all documents in this case be unsealed and his real name will replace "John Doe" in the case caption.

                                                         U.S. District Judge Jennifer A. Dorsey
                                                                       April 17, 2024

---

[17] The District Court of Nevada's local rules are available on the court's website, nvd.uscourts.gov.

[18] *Kamakana*, 447 F.3d 1172.